IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY MCNABB                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:09cv26-DCB-MTP

KAY WASHINGTON, *et al.*                                                          DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned

United States Magistrate Judge on October 1, 2009.  The Plaintiff appeared *pro se* and Defendant

Epps was represented by attorney Charles Irvin.  The Court scheduled this hearing for the

combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and

a discovery conference. The Court's purpose in conducting the hearing is to insure the just,

speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration

of the issues involved in this case and the requests for discovery, the Court does hereby find and

order as follows:

### 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff is currently

incarcerated at Jefferson-Franklin County Regional Correctional Facility in Fayette, Mississippi,

having been convicted of a felony.  Plaintiff's claims were clarified by his sworn testimony

during the *Spears* hearing.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

Plaintiff challenges the Mississippi Parole Board's repeated denial of parole to him.[3]

Plaintiff claims that he has not received the required 90-day notice of the parole hearings, and he

also argues that the Parole Board is using "the same reasons over and over" to deny him parole.[4]

By this action, Plaintiff seeks an order directing the Parole Board to "stop denying him parole for

the same reason" and to consider his requests for parole "more carefully." Plaintiff also seeks an

opportunity to speak on his behalf before the Parole Board.

## 2.  DISCOVERY ISSUES

The parties indicated that no discovery is needed at this time. The parties shall not

propound any discovery requests unless leave of Court is requested and obtained.

## 3.  MOTIONS AND TRIAL

The deadline for the filing of dispositive motions (other than motions *in limine*) is

December 1, 2009. Upon expiration of the motions deadline and a ruling on any such motions,

the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1.      The deadline for the filing of dispositive motions (other than motions *in limine*) is

December 1, 2009.

2.      This order may be amended only by a showing of good cause.

3.      Plaintiff's failure to advise this court of a change of address or failure to comply

with any order of this court will be deemed as a purposeful delay and may be grounds for

---

[3] Plaintiff is serving a life sentence for homicide.

[4] As stated by Plaintiff at the *Spears* hearing, these reasons include: "serious nature of offense"; "insignificant time served"; "prior misdemeanor conviction"; and "The Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended."

dismissal without notice to the plaintiff.

        SO ORDERED on this the 5th day of October, 2009.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge