IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY MCNABB                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 5:09cv26-MTP

KAY WASHINGTON, *et al.*                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment [19]. Having reviewed the submission of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that Defendants' Motion for Summary Judgment should be granted and that Plaintiff's claims should be dismissed with prejudice.[1]

Factual Background

Plaintiff Anthony McNabb filed suit *pro se* on March 5, 2009, pursuant to 42 U.S.C. § 1983, against Defendants, members of the Mississippi Parole Board. As clarified by his sworn testimony at an omnibus hearing held on October 1, 2009,[2] Plaintiff challenges the Mississippi Parole Board's repeated denial of parole to him.[3] Plaintiff claims that he has not received the required 90-day notice of the parole hearings, and he also argues that the Parole Board is using

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [17], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

[3] Plaintiff is serving a life sentence for homicide and is currently incarcerated at Jefferson-Franklin County Regional Correctional Facility in Fayette, Mississippi. According to documents provided to the court by Plaintiff, he has been denied parole on four occasions: January 11, 2004; August 3, 2006; December 6, 2007; and February 17, 2009. *See* [12-2].

1

"the same reasons over and over" to deny him parole.[4] By this action, Plaintiff seeks an order directing the Parole Board to "stop denying him parole for the same reason," to stop using "false information" in denying him parole, and to consider his requests for parole "more carefully." Plaintiff also seeks an opportunity to speak on his behalf before the Parole Board. Defendants moved for summary judgment on November 18, 2009.

Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a

---

[4] These reasons include: "serious nature of offense"; "insignificant time served"; "prior misdemeanor conviction"; and "The Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended." *See* [12-2]. Plaintiff avers that he does not have any prior misdemeanor convictions (or, in fact, any prior convictions at all).

question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

<u>Analysis</u>

Under Mississippi law, Plaintiff has no protected liberty interest in parole. *See Emerson v. Mississippi State Parole Bd.*, 86 Fed. Appx. 784 (5th Cir. Feb. 17, 2004) (citing Miss. Code Ann. §§ 47-7-3, 47-7-17); *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 565-66 (5th Cir. 1987)); *Gates v. Mississippi Dep't of Correctional Parole Bd.*, 210 F.3d 369, at *1 (5th Cir. Feb. 18, 2000) (*per curiam*); *Randle v. Mississippi State Parole Bd.*, 2009 WL 799252, at * 1 (S.D. Miss. Mar. 24, 2009). Accordingly, Plaintiff does not have a viable due process claim regarding the Parole Board's procedures. *See Reed v. Mosley*, 194 F.3d 1309, at *1 (5th Cir. 1999) (*per curiam*) ("Because Reed did not have a protected liberty interest in parole, he could not contend that the Board's parole procedures violated his due process rights."); *see also Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (rejecting claim that parole board's parole review procedures -

including lack of advance written notice of hearings - deny prisoners due process, stating: "It follows that because Orellana has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions.").[5]

Because he has no liberty interest in parole, Plaintiff has no viable claim that the Board should "stop denying him parole for the same reason" and should consider his requests for parole "more carefully. The parole statutes in Mississippi confer "absolute discretion" on the parole board as to whether to grant or deny parole. *See Gates*, 210 F.3d 369, at * 1 (citing *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565); *Reed*, 194 F.3d 1309, at *1; Miss. Code Ann. § 47-7-17 (providing that "parole shall be ordered only for the best interest of society ... when the board believes that [a prisoner] is able and willing to fulfill the obligations of a law-abiding citizen."); 47-7-3 (stating that eligible prisoners "*may* be released on parole as hereinafter provided.") (emphasis added). Thus, by asserting such claims, "[Plaintiff] is attempting to have the Court force the parole board to do what the Mississippi State Legislature has refused to do, put forth mandatory criteria creating a liberty interest in parole." *Reed v. Murphy*, 3 F.3d 440, at * 1 (5th Cir. Aug. 20, 1993) (*per curiam*); *see also Irving v. Thigpen*, 732 F.2d 1215, 1215-16, 1217-18 (5th Cir. 1984) (*per curiam*) (rejecting Plaintiff's claim that he was denied parole arbitrarily and capriciously, without an "adequate written statement of the reasons for such denial," because the Mississippi statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach.") (citations omitted).

Nor, for that matter, can Plaintiff complain that he was denied parole based on

---

[5] Indeed, a Mississippi state prisoner is not even entitled to attend a parole hearing. *See Davis v. Johnson*, 205 F.Supp. 2d 616, 619 (N.D. Miss. 2002) (citing *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984)); Miss. Code Ann. § 47-7-17 ("Before ruling on the application for parole of any offender, the board *may* have the offender appear before it and interview him.") (emphasis added).

consideration of "false or improper factors." *Cotton v. Booker*, 166 F.3d 341, at * 1 (5th Cir. Dec. 18, 1998) (*per curiam*) (citing *Scales*, 831 F.2d at 565-66; *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 (5th Cir. 1997)); *see also Reyes v. Driver*, 54 Fed. Appx. 410, at * 1 (5th Cir. Nov. 1, 2002) (*per curiam*) ("The board's use of false information in denying parole does not implicate the Constitution."); *Phillips v. Garrett*, 237 F.3d 630, at * 1 (5th Cir. Oct. 24, 2000) (*per curiam*) ("[Plaintiff's] allegations, that the Parole Board considered unreliable or false information in making a parole determination, do not state a federal constitutional violation."); *Sinclair v. Ward*, 205 F.3d 1338, at * 1 (5th Cir. Dec. 27, 1999) ("even assuming that the parole board has knowingly relied upon incorrect information regarding [plaintiff's] criminal history, he is not entitled to challenge the parole procedures employed under the Due Process Clause.") (citation omitted); *McGee v. Mosely*, 162 F.3d 96, at * 1 (5th Cir. 1998) (*per curiam*) ("McGee's assertion that the board considered unreliable or false information in making parole determinations does not demonstrate a federal constitutional violation.") (citation omitted); *Mouser v. Dretke*, 2006 WL 722130, at * 3 (E.D. Tex. Mar. 14, 2006) ("because Mouser has no liberty interest in parole [under Texas law], *Johnson* [*supra*] says that he cannot mount a challenge against the parole review procedures, even if incorrect information was considered."); *Williams v. Garrett*, 2006 WL 379210, at * 1 (N.D. Tex. Feb. 15, 2006) ("even if plaintiff's facts are sufficient to state a claim that the Board considers unreliable or false information in making parole determinations, without more, this does not state a claim of constitutional dimension.").

The Parole Board has exercised its absolute discretion under the parole statutes and has determined, on repeated occasions, that Plaintiff should be denied parole for the reasons set forth in the "Action of the Parole Board" notices issued to Plaintiff. *See* [12-2]. Because Plaintiff has no constitutionally protected liberty interest in parole, as discussed above, Plaintiff's claims

challenging the procedures of the Parole Board fail as a matter of law and must be dismissed.[6]

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [19] is granted and Plaintiff's claims against Defendants are dismissed with prejudice. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that all other pending motions, if any, are dismissed as moot.

SO ORDERED on this the 25th day of January, 2010.

s/ Michael T. Parker
United States Magistrate Judge

---

[6] Although Defendants have also raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s][are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Accordingly, having found that Plaintiff's claims are not cognizable as constitutional claims, the court need not reach the question whether Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.